UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA DAVIS and<br>TATTIAUNA DAVIS,<br><br>　　Plaintiffs,<br><br>v.<br><br>SUNRISE TRANSPORTATION<br>EXPRESS, INC. and<br>JOSE MIGUEL MARTINEZ PEREZ,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　No. 3:24-cv-00308<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Before the Court in this motor vehicle accident case is Defendant Sunrise Transportation Express, Inc.'s ("Sunrise Express") Motion to Dismiss Direct Negligence Claims. (Doc. No. 8). The Motion has been fully briefed and is ripe for review. (See Doc. Nos. 8-1, 12, 15). For the following reasons, Sunrise Express's Motion will be granted.

### I. FACTUAL ALLEGATIONS

On the morning of October 8, 2023, Plaintiffs Patricia and Tattiauna Davis were driving down Interstate 40 in a 2019 Hyundai Elantra when a tractor trailer driven by Defendant Jose Miguel Martinez Perez "collided into the rear of [their] vehicle, causing [their] vehicle to move forward and collide into the rear" of the van in front of them. (See Doc. No. 1-1 ¶¶ 10–21). As a result, Plaintiffs allege they "sustained serious physical injuries and suffered other damages," including "a loss of quality and enjoyment of the normal pleasures of life." (Id. ¶¶ 23, 38). Plaintiffs filed suit in the Davidson County Circuit Court against Perez for negligence and for violating several Tennessee traffic statutes. (Id. ¶¶ 27–31). Plaintiffs also sued Perez's employer, Sunrise Express, claiming that Sunrise Express is: (1) vicariously liable for Perez's wrongful acts

under the doctrine of *respondeat superior*, and (2) directly liable for the negligent hiring, supervision, and training of Perez. (Id. ¶¶ 25, 33–35).

Perez removed the case to this Court based on diversity jurisdiction. (See Doc. No. 1). In his Answer, Perez admits that he was acting within the course and scope of his employment with Sunrise Express at the time of the accident, (Doc. No. 7, 24–25), and Sunrise Express admits in its motion to dismiss and supporting memorandum that it "is liable to Plaintiffs under the theory of *respondeat superior* for the negligent acts, if any, of Perez with respect to the subject accident," (Doc. Nos. 8 at 1, 8-1 at 1–2). However, Sunrise Express now moves to dismiss Plaintiffs' direct negligence claim under Federal Rule of Civil Procedure 12(b)(6). (See Doc. No. 8 at 1).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). And "[w]hile the complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" or "a formulaic recitation of a cause of action's elements[.]" Blackwell, 979 F.3d at 524 (internal quotation marks omitted) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007)).

## III.  ANALYSIS

Sunrise Express initially argued that the Court should dismiss Plaintiffs' negligent hiring, supervision, and training claim because (1) it is barred by the preemption rule, and (2) the Complaint's conclusory allegations do not satisfy Rule 8's pleading standards. (See Doc. No. 8 at 1–2). Sunrise Express focused most of its opening brief on the first argument, which depended entirely on a prediction about whether the Tennessee Supreme Court would adopt the so-called "preemption rule" and hold that "a plaintiff may not proceed against an employer on direct negligence claims once the employer has admitted vicarious liability for the actions of its" employee agent. Freeman v. Paddack Heavy Transp., Inc., No. 3:20-CV-00505, 2020 WL 7399026, at *1 (M.D. Tenn. Dec. 16, 2020). The basic rationale for the preemption rule is that, where an employer admits it will be vicariously and fully liable for its employee's negligence, the employer's liability is necessarily fixed by its employee's negligence and any additional direct negligence claim against the employer is redundant and serves no other purpose than to inflame the jury. See id. (citations omitted).

Sunrise Express, along with many Tennessee district courts faced with similar claims, reasonably believed that the Tennessee Supreme Court would adopt the preemption rule and prohibit plaintiffs from pursuing both *respondeat superior* and direct negligence claims against an employer of an employee driver. After Plaintiffs filed their opposition, however, the Tennessee Supreme Court issued its decision in Binns v. Trader Joe's East, Inc. and expressly declined to adopt the preemption rule as the law of Tennessee. See No. M2022-01033-SC-R11-CV, --- S.W.3d ---, 2024 WL 1503703, at *9 (Tenn. Apr. 8, 2024) ("[W]e decline to adopt the preemption rule in Tennessee and hold that a plaintiff may proceed with a direct negligence claim against an employer even after the employer admits to being vicariously liable for the actions of its

employee."). In response, Sunrise Express (to its credit) has "withdraw[n] its Motion to Dismiss on the basis of the preemption rule." (Doc. No. 15 at 1).

That just leaves Sunrise Express's argument that Plaintiffs' negligent hiring, supervision, and training claim is conclusory, devoid of any factual basis, and fails to state a claim for relief under Rule 8. (Doc. Nos. 8-1 at 10; 15 at 1–5). "Tennessee law recognizes a claim for the negligent training of employees, and also recognizes claims for negligent hiring, supervision or retention of an employee if a plaintiff establishes, in addition to the elements of a negligence claim, that *the employer had knowledge of the employee's unfitness for the job*."[1] Binns, 2024 WL 1503703, at *10 (emphases added) (citations, internal quotation marks, and alterations omitted). "To establish the employer's knowledge, the plaintiff must show that the employer knew, or should have known through the exercise of reasonable care, that the employee was not qualified to perform the work for which he was hired." Turnage v. Oldham, 346 F. Supp. 3d 1141, 1158 (W.D. Tenn. Oct. 15, 2018) (citing Davis v. Covenant Presbyterian Church, M2013-02273-COA-R3-CV, 2014 WL 2895898, at *8 (Tenn. Ct. App. June 23, 2014)).

The sole basis for Plaintiffs' negligent hiring, supervision, and training claim is that Sunrise Express committed "the following breaches of duty:"

i. Hiring and/or contracting with Defendant Perez and/or otherwise entrusting him with the use of their commercial vehicle, which ultimately struck the vehicle which Plaintiff was operating;

ii. Failure to properly train Defendant Perez in the operation of said vehicle;

iii. Failure to properly and thoroughly conduct background checks, including criminal history checks, of Defendant Perez;

iv. Failure to actively monitor and supervise the driving record and activity of

---

[1] The elements for a Tennessee negligence claim are a duty of care owed to the plaintiff, breach of that duty by the defendant, injury or loss, actual causation, and proximate causation. Billiter v. SP Plus Corp., 329 F. Supp. 3d 459, 474 (M.D. Tenn. 2018) (citation omitted).

>    Defendant Perez;
>
> v. Failure to maintain, implement, and/or enforce policies and procedures related to driver safety; [and]
>
> vi. General failure to hire, train, and supervise their drivers in a manner consistent with those undertaken by reasonably prudent companies under similar circumstances.

(Doc. No. 1-1 ¶ 34). Plaintiffs argue that these allegations, viewed in the light most favorable to them, demonstrate that Sunrise Express "failed to properly screen Defendant Perez before hire, failed to actively monitor and supervise his driving record, and failed to maintain, implement, and enforce policies and procedures related to driver safety." (Doc. No. 12 at 7).

The Court finds that Plaintiffs' conclusory allegations are nothing more than a "formulaic recitation of the elements" of a negligent hiring, supervision, and training claim. See Turnage, 346 F.Supp.3d at 1158 (citing League of United Latin Am. Citizens, 500 F.3d 523, 527 (6th Cir. 2007)). Even more, these allegations do not suggest that Sunrise Express knew or should have known *prior to the accident* that Perez (1) could not maintain a safe following distance in his vehicle, (2) drove at unsafe speeds, (3) did not know how to reasonably monitor his surroundings while driving, or (4) was in any other way an unsafe driver. In other words, the Complaint lacks any allegations to support the critical element of whether Sunrise Express had actual or constructive knowledge that Perez was unfit for the job he was hired to perform. See Binns, 2024 WL 1503703, at *10.

Because Plaintiffs have not pled sufficient facts to support a negligent hiring, supervision, and training claim, the Court concludes that Sunrise Express's Motion is well-taken and should be granted. The Court takes no position at this time regarding Sunrise Express's potential *respondeat superior* liability for Perez's alleged negligence.

## IV. CONCLUSION

For the foregoing reasons, Sunrise Express's Motion to Dismiss (Doc. No. 8) is **GRANTED**, and Plaintiffs' claim for "Negligent Hiring, Supervision and Training" is **DISMISSED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE